309-0436 Reger Development v. Kevin W. Reger Appellants by Peter Howland v. Thomas v. Courtney et al. Appellees by Kimberly Jameson You may proceed, Counsel. Good morning. Peter Howland for the Plaintiff Appellants. By this appeal, this Court is presented with the opportunity to either change or uphold the law regarding an attorney's privilege to defame someone as part of a judicial proceeding. Plaintiffs seek to have this Court uphold the law. But I would submit to you that what the defendants are actually doing is asking that this Court change the law and rule that all a lawyer has to do to make a defamatory statement in a pleading is make it in a pleading. And then blanket immunity applies without question. But that's not the law. To be privileged, this defamatory statements have to have some connection to the action and have to have been made to actually achieve the objects of the litigation. Here, the defendants made vague and conclusory allegations in an underlying lawsuit that the plaintiffs, my clients, engaged in a fraudulent scheme. Specifically, they alleged only that they have, quote, evidence that the plaintiff has a pattern of using deceptive and misleading real estate contracts without making any payments. And then they go on to accuse my clients of not disclosing termites, which is a completely nonsensical and completely irrelevant allegation in the case. Now, assessing those allegations, what the defendants are accusing the plaintiff of having is a pattern of seeking to enforce its real estate contracts. In other words, my clients have gone to court to enforce their contractual rights. And defendants want to turn that into a fraud without alleging any of the facts as to the who, what, where, and how of their so-called evidence, which is the pleading standard for a fraud case. So is there a remedy for that, a dismissal without prejudice and repleading? The problem with just a dismissal without prejudice is it doesn't actually take into account, were they trying to actually achieve the purposes of the litigation? And in the defamation context, dismissal without prejudice or dismissal with prejudice or dismissal of the underlying case doesn't unring the bell. The damage has already been done by the fact of the actual filing of the pleading that, in this case, they didn't file to try to advance those claims. Because if they did, they would have actually made good quality fraud claims. They used it so that they could tout to third parties that they have this pending fraud claim. Now, in the per se context of a defamation suit, the law says these are special kinds of claims. You don't even have to prove special damages because the type of damage is so severe. So what an attorney is able to do by doing an end round of actually alleging something towards bringing about the actual furtherance of the litigation is be able to make these statements, tout them to third parties. And then, even if they're dismissed, we can't unring the bell. So as nonspecific and haphazard as those statements are. How many cases have you found where an allegation of fraud has led to a defamation claim? I'm sorry. I can't answer that, Judge. I mean, is there one case like that? Where an allegation of fraud in an underlying lawsuit has led to a defamation claim? I don't know. I apologize. I don't know. I did not find any in my research. But there certainly were cases which we cited and which the defense has cited where allegations in an underlying suit ended up going forward as a defamation claim. They just weren't necessarily fraud in the underlying lawsuits. But other statements that were made, factual statements that were made in underlying lawsuits that have been allowed to go forward in defamation claims. So, but I just, I don't know of anywhere the actual pleading in the underlying case was a fraud claim. In this case, fraudulent behavior in the transactions, right? Yes. Yes, the defendants have alleged that my client engaged in, that they have evidence of a pattern of using contracts without making payments. So, a pattern of some sort of fraudulent claim. But without any of the specifics as to what you have to use to prove a fraud claim. Does the claim of fraud dealing with the transactions bear some relationship to the underlying claims? Only insofar as they, that the underlying claim is a real estate contract dispute. And what they're claiming is that the plaintiffs in this case have a pattern of using real estate contracts. So, from that perspective. But the test itself goes one step further than that. And that is that it has to bear on the underlying litigation. But it also has to be advanced for the purpose or made for the purpose of actually advancing those claims. And I would submit to you that by making the claims in the way that they have made those claims. They weren't actually doing it for purposes of advancing those claims. Well, in your theory, if somebody attempts to plead a fraud claim against somebody. A lawyer attempts to plead a case for fraud. And the court says on motion, you don't have enough here. I'm going to dismiss it. The other party gives rise to a defamation claim. Well, not in every case. And it depends. What it does is it doesn't knock out the defamation claim of an issue. It doesn't knock it out as if there is no test for the application of the immunity. And that's all we're asking to do here is be able to go forward with our claim. And if there is some evidence to show that they didn't have any such evidence of this alleged scheme. If they had no basis to make that claim whatsoever. Then the defamation claim should be allowed to go forward. And I know it sounds odd at first blush. But it's because defamation, especially in the context of defamation per se, is such a damaging thing to a party's reputation. Let's follow up on what you just said. That it sounds odd. The claim here that you're taking umbrage with is a fraudulent claim. A fraud claim. Yes. And there's common law deceit and misrepresentation and all those things. Right? There are. There have been causes of actions for a long time. Yes. And Illinois recognizes such. Absolutely. So are you suggesting that, for example, is there a defamation, a viable defamation claim, every time a litigant who pursues a common law deceit count or a misrepresentation count, some fraudulent count, if they lose the lawsuit, they get the case dismissed prior to the, are they all subject to defamation? No. What's the difference between losing and not being able to prove your case and one that's subject to defamation? Were those litigants actually trying to advance their defamation, their fraud claims? Or were they really just using it so that they could go out to third parties and say, we've sued these guys. Yeah, we know these guys are bad guys because we've sued these guys for fraud. And they have a pattern of doing this. So that's why we've done this. Now, who made that decision? I'm sorry. Well, then it's the out-of-court statement that is the defamation, not the plea. Well, I guess it's a combination of the two because the factual misstatement is the underlying fraud claim that doesn't have a basis. Because the other statement that gets made to a third party, we have this claim pending, isn't false. But if there is no basis for the underlying claim pending, then they have to go hand-in-hand, one with the other. You said the out-of-court statement was not that we've got an action pending, but these people have a pattern of doing that. That's not a statement made in pleading. That's a statement made out of court. And we've sued them. I'm sorry. And yes, but the statement being, yes, we've sued these guys for fraud. Yes, we have a claim pending against them for fraud. So when they do it in that context. That's not a defamatory statement. Pardon me? That's not a defamatory statement. It is if the underlying, if there is no basis for the underlying claim of fraud. That's why in this particular context, if that claim was not made for the purposes of actually advancing the litigation, then we should be able to go forward with the underlying defamation claim. Because there is otherwise, they do it in such a way that they do it because of this. They've insulated themselves absolutely, completely, blanket insulation from any kind of defamation claim. Is that what the word absolute means? Well, absolute in this context means. It does say absolute privilege. But with qualifications, because it still has to meet those four criteria to be an absolute privilege. And the courts have even said, for example, in Defend versus Lascelles, they said it must be made to actually achieve the objects of the litigation. If they're found not to reasonably relate to the issues, then the absolute privilege is no longer available. And a charge of malice enters into the consideration if a qualified privilege would be involved instead. So if it is found that these weren't made for the purposes of actually advancing the litigation, then it becomes a question of a qualified privilege. Advancing the litigation or some reasonable relationship to the proposed or pending litigation. Some reasonable relationship to the pending litigation. Right. In this case, there's an allegation of fraud dealing with the underlying transactions. Doesn't that reflect that? Or an element of defense. Well, it's actually not in their defense. It was in a counterclaim. And it was in the context of using it as to other, not that we engaged in fraud in this particular contract. There was not an allegation that we engaged in fraud in this particular contract. Their allegation was, we have an evidence of doing it in other contracts. Doing it by not enforcing or not trying to go forward with other contracts. Now, if they came in and they said, we fraudulently induced them into signing this contract. Or we fraudulently did something relating to the application of this very contract. The one that they're suing. Or that is at issue in that litigation. That's a different question. But what they're saying is, there's these other, they have this pattern of doing it in these other cases. With no basis whatsoever to make that allegation. And what it ends up doing is it becomes a defamation of my client's, per se defamation of my client. Based on that allegation. That now, given all of the circumstances, my client has no way of getting compensation for that. Nothing that they can do about it. Even though it has no basis whatsoever in law or fact to make those allegations. Because they weren't actually made to achieve the objects of the litigation. So, assuming that the nonspecific nature of the statements. They can't have been made to actually achieve the objects of the litigation. They were made to intimidate and harass the plaintiffs. So that the defendants could tout that they had these claims for fraud. So, we contend that the privilege should not apply. Unless this court agrees that there is blanket immunity. Rather than qualified or absolute. Subject to the qualifications that the courts have set up. How would you phrase some kind of restatement paragraph of your proposition. With regard to something to achieve success of the litigation. Or something dealing with the litigation as you phrase it. I don't think that we have to restate anything. We just want the application of the factors that already exist. Including the statement that was made in the Kursaba case. Where courts have required that the acts to which the privilege applies. Must not only bear some relation to the judicial proceeding. But must also be made in furtherance of that representation. How would you analyze the furtherance? Our claim is that it has to have a good faith basis. It has to be made to actually achieve the objects. And in this particular case. By doing something that's so nonspecific. Has no, doesn't do anything relating to. Assess any of the allegations that are required for a fraud claim. And includes these completely out of nowhere allegations about termites. Shows they didn't do it so that they could actually advance the purpose of the litigation. They slapped it together so that they could file something against us. How would you phrase achieve the objectives of the lawsuit? How would you analyze that? That it has to be. What's the criteria for that? A good faith, a reasonable basis. That the allegations in the complaint were made to actually achieve the litigation. Rather than for some other purpose. Achieve the litigation. And how do you phrase that? What does that mean? To win? To try to advance, to actually advance in good faith the claims. By making good faith claims. Claims that actually have a basis in the fact and law. And the reason I'm asking that is the obvious. For my earlier questions.  You haven't met that criteria. And I understand what you're saying. But my position on it is not for everybody who files some kind of a lawsuit. It is, in turn, the next statement. What's the difference between the two? Not everybody loses a lawsuit. But some people lose the lawsuit. You can sue them in defamation. But not everybody. If you're trying to use the existence of those claims. Which are baseless. And found to be baseless. To advance some other purpose outside of the litigation. So in this case, to tout the third parties that we have these claims pending. We have made these fraud claims. When they don't have an actual basis to make the fraud claims. So are you requiring another element? The other element is not only do you file the lawsuit. But then it's communicated to others. And that's related to Judge Schmitz. And I understand. Yes, that has to be made outside of the scope of the litigation. But the problem with, which I get back to. Is if what they're saying is we have this claim pending. Then they haven't said something that's false outside the context of the litigation. So we're kind of caught in a catch-22. A lawyer can file something that doesn't have any good faith basis. Use it in some other context. Make a true statement. We sued these guys for fraud. To imply they're bad guys. They are frauds. Is that an additional element or not? Is it necessary to say to some third party. We sued the people. Of course, if that's a factually true statement. I think that goes to the question of. Was the statement made to achieve the objects of the litigation. Or was the statement made for some other purpose. When you have those other facts. They went out and tried to do something else with it. Then it takes it out of the context of achieving the objects of that litigation. So I think it's just. When they truthfully say we sued someone for fraud. When the underlying fraud isn't actually a truthful statement. That's where the catch-22 comes in. Because we've allowed litigants and lawyers. Just a blanket immunity. To say. They can say anything they want in the course of the litigation. And that's where the problem comes in. If they want to do that. And then use it outside of the context of the litigation. We've taken the privilege. And let it go one step too far. And in this particular context. When we're using it in a defamation context. Especially in the per se defamation context. It leaves a party who has this happen to them. Without any way of protecting itself. Are you trying to change the law? I think we're trying to actually enforce the law. By giving some meaning in this particular case. To achieve the objects of the litigation. My time is up. Thank you. Good morning. May it please the court. Kim Jansen. On behalf of the defendants. I'm going to be really brief. Because I think this is fairly straightforward. And I think the court. Understands the issues and the facts involved in this case. Counsel. For plaintiff is. Relying on this. This idea that there's an intent to harass. Let's try and figure out what the intent of filing the pleading was. And he argues that well. The intent here must have been to tout. These allegations to third parties. The problem with that. Is that his complaint doesn't allege. That we touted it to any third parties. He hasn't identified some third party. That we've been. Making out of court statements as. Justice Smith. Schmidt. Referred to. Outside of court. That's not part of his pleading. That wasn't argued in the trial court. That that's why the privilege doesn't apply. He. Makes an argument that. Well. There has to be some sort of good faith basis for these claims. But it's Justice Carter. You recognize. This is an absolute privilege. Good faith. Is not a test. That applies to whether this. Absolute litigation privilege applies. As long as it bears. Some relationship. To the litigation. And it's made in the course of the litigation. The privilege applies. And I don't think there's any question here. That this is a statement. Made in the course of the litigation. It's right there in the counterclaim pleading. And it bears some relation. To that pleading. The counterclaim is for common law fraud. The particular allegation that. Plaintiff is concerned with. Relates to. A fraudulent pattern of activity. As Justice McDade acknowledged. The remedy here is. To file a motion to dismiss under 2-615. If he believes that. That allegation is insufficient. To state a claim. If he believes that more detail is required. If counsel believes and can establish. That there is no good faith basis. For the claim as he's arguing should be the test here. Rule 137 is the remedy. He can argue that in front of the other court. If he thinks that's a valid argument. But what the absolute privilege. Provides is that this court. And the. The trial court and the defamation action. Doesn't second guess. Doesn't sort of do a side. Side run around. The underlying litigation. It's not for a separate court to decide. Whether the pleadings in that counterclaim are sufficient. It's for the court. Before whom those allegations were made. And if the court has no questions. I simply ask that you affirm the trial court's judgment. Thank you. You may proceed. The problem with the question over the intent to harass. Is that we were knocked out at the pleading stage. Based solely on the existence of the immunity. To the point where we never got any further into the case. To be able to allege anything else. To be able to go forward. With any of the other facts.      I'm not going to. I'm not going to. I'm not going to. And I submit to you that in fact. Good faith does come into the context. Of this situation. Because it's in the context of. Achieving the objects of the litigation. There has to be some statement. In the course of bad faith pleading. You've got rule 137. And I appreciate that. We do have rule 137 sanctions. We have the dismissal of the case. But in the context of a defamation. And a defamation per se. It's you can't unring the bell. You can't undo the bell. You can't undo bad statements. Simply by assessing some attorney's fees. There's no damages. That goes to the next step for them. And that's why in the context of defamation. They're saying the law says defamation per se. Is so serious. So special. That you don't even have to prove special damages. We presume that you've been damaged. Rule 137 sanctions. Don't compensate you for that damage. Dismissal of the case. Doesn't compensate you for that damage. So we have here sort of the coming together of two concepts in the law. And the courts have even said the privilege while broad in scope is applied sparingly and confined to cases where the public service and administration of justice require immunity. Well I would submit to you that the administration of justice here to someone who's been defamed per se is you have to at least give them the opportunity of going forward with their lawsuit for defamation without applying sort of this blanket immunity wiping out the question of what facts do you have? Where do you go with this to say that it was made to achieve the objects of the litigation? That gets done in the course of those proceedings. Not knocked out at the pleading stage on a motion to dismiss simply because blanket immunity we're not getting into any of that. That's the reason I was asking about are you trying to change the law the restatement position the Illinois position this is a long standing law dealing with the absolute privilege and yet you're filing this lawsuit against them and getting this separate defamation claim when the law's been this way for a long time? But I don't know and I agree with your honor that it's been that way and these factors have always existed but what we're saying is this factor of making it to achieve the objects of the litigation needs to have something to it. This is a case where it has something to it. Who gets to make that decision? The trier of fact in our lawsuit our defamation lawsuit. So you've already made the decision by filing the defamation lawsuit. Who gets to make the decision in the underlying lawsuit about whether or not there was intent to defame or intent to further the litigation? Apparently you do. No, no, the finder of fact. I can make those allegations but I don't get to unfortunately I don't get to just make a judgment on that but I still get to go forward with my claim and go to the finder of fact and say finder of fact do you find that these were made to achieve the objects of that litigation or were they made for some other purpose? Doesn't that need to be done in the underlying litigation before you file your lawsuit? In the underlying litigation I suppose it is possible that the underlying litigation has to be resolved. The problem is you get a statement that's made in the underlying litigation and a statement that's made in the underlying litigation and now all of a sudden you have a statute of limitations potential problem because of the short life the short statute of limitations for defamation claim. What's the statement made out of court? Tallying it to third parties we have these pending fraud allegations. That's in your defamation claim. That is. What about in the underlying claim? You've made all of these personal decisions about what the intent was of the defendant in the underlying claim and on the basis of that you've filed another lawsuit but what gives you the right to make that decision? You're the other advocate. It's a factual we're making just like any other kind of misrepresentation claim you have to make substantial evidence it would be the same kind of way. In the underlying case? No we would make it in the defamation case to the finder of fact in the defamation case because that's where that factor comes into play. That factor is dealing with the reasonable relation to the pending litigation. Yes. That's the factor. Yes. And isn't that decided on a motion to dismiss? Not necessarily because it goes in tandem with the question of touting it to the third parties and what was the purpose for using it in those other contexts. This could never be a 615 or 619 motion once you file a defamation claim. Once someone pleads something that you find to be in your judgment defamatory then you file a defamation claim and that can never be dismissed under 615 or 619. If we've alleged all the elements for what the claim is then it wouldn't be appropriate for a 2615. But if we didn't allege all the elements for it then it would be appropriate. So following up on Judge to dismiss, for example, the defamation claim could never make a determination looking at the pleadings that it bears some relationship to the proposed or pending litigation. Never. I don't know about never because a judge could say under a 2619 or a 2615 motion that we find as a matter of law that these particular allegations that you've made are not required for that cause of action. That's what this judge did. This judge said immunity applies so you don't have a claim whatsoever. And it wasn't we don't think that there are any facts. It was there is immunity. They can say whatever they want in the plea. You filed a Rule 137, didn't you? I did not. In the underlying case? Maybe. In the underlying case? Or in the defamation case? Oh, in the underlying case? The underlying case got stayed because counsel who is the defendant in this case wasn't comfortable continuing to represent his client in that case based on the existence of this case. So nothing further has happened in that pending what happens in this case. In the underlying case was someone filing a 137 motion? No, because everything got stayed in that case. We filed a motion directed to we filed a motion for summary judgment actually directed to that fraud allegation and it got stayed the day I filed it because they came in and said we can't go forward with the litigation on this one, it's pending. And that's what the trial court decided. Okay. Thank you very much. Thank you for your time. The court will take this case under advisement and render a decision with dispatch and we will now take a recess to allow panel change for the next case. Thank you.